Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in the U.S. DISTRICT COURT at Seattle, Washington.

*SEPTEMBER* 9 20*10*

WILLIAM M. McCOOL, Clerk

By _____ Deputy

Judge James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>              )<br>            Plaintiff, )<br>              )<br>        v.   )<br>              )<br>OLIVER KING, also known as )<br>    HAMID MALEKPOUR, and )<br>AMIR ZARANDI, )<br>              )<br>            Defendants. ) | NO. CR10-168<br><br>**SUPERSEDING<br>INDICTMENT** |

The Grand Jury charges that:

## COUNT ONE
### (Conspiracy to Deal in Firearms Without a License)

**A.     Object of the Conspiracy**

1.     Beginning on a date unknown but within the last five years and continuing until on or about May 19, 2010, at Ferndale and Blaine, within the Western District of Washington, and elsewhere, defendants OLIVER KING and AMIR ZARANDI, and others known and unknown to the Grand Jury, knowingly and intentionally agreed and conspired to commit offenses against the United States, to wit: dealing in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A).

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

**B.    Manner and Means**

2.    It was part of the conspiracy that OLIVER KING engaged in the business of dealing in firearms, that is, to purchase, receive, advertise, transport, sell, and deliver firearms, ammunition and firearm accessories, under the auspices of a company entitled McMinnville Hunting and Police Supplies ("MHPS"), an Oregon corporation.

3.    It was further part of the conspiracy that AMIR ZARANDI assisted OLIVER KING in engaging in the business of dealing firearms, by, among other things, obtaining a Federal Firearms License in the name of McMinnville Hunting and Police Supply Inc., from the United States Bureau of Alcohol, Tobacco and Firearms (ATF). The Federal Firearms License listed no licensee or responsible person other than AMIR ZARANDI, as if AMIR ZARANDI were the sole owner, business partner, operator and administrator of MHPS, when, in fact, OLIVER KING primarily conducted the business of MHPS.

4.    It was further part of the conspiracy that OLIVER KING would enter the United States from Canada under false pretenses, in order to hide his true purpose, which was to engage in, assist, and collaborate with AMIR ZARANDI to engage in the business of dealing in firearms under the auspices of MHPS, while in the United States.

5.    It was further part of the conspiracy that OLIVER KING and AMIR ZARANDI would communicate with each other, and other persons, through the use of electronic mail (e-mail), telephone, facsimile, and text messages, to order, sell, ship, receive, finance, and store firearms and ammunition.

6.    It was further part of the conspiracy that OLIVER KING and AMIR ZARANDI would use a McMinnville, Oregon storefront as the listed mailing and shipping address for MHPS, but would not use the Oregon location as a retail store for the public as required by the Federal Firearms License.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  **C.    Overt Acts**

2          In furtherance of the conspiracy and to accomplish the objects of the conspiracy,

3  defendants AMIR ZARANDI and OLIVER KING committed various overt acts,

4  including but not limited to the following:

5          7.       On or about the following dates, and others, OLIVER KING, a Canadian

6  Citizen, entered the United States from Canada at the Peace Arch Port of Entry, located in

7  Blaine Washington, often giving false statements as to his reasons for admission and the

8  length of time he intended to stay in the United States; and while in the United States

9  OLIVER KING engaged in the business of dealing in firearms.

10

11

12

| ENTRY | STATED DESTINATION | RETURN |
|-------|--------------------|--------|
| Aug. 19, 2009, 11:45 a.m. | Pick up a printer OLIVER KING had ordered. | Aug. 20, 2009, 8:26 p.m. |
| Nov. 8, 2009, 10:17 a.m. | To meet father-in-law and wife at Costco. | Nov. 9, 2009, 9:11 p.m. |
| Nov. 20, 2009, 12:21 p.m. | To Hagen's of Blaine to pick up mail. | Nov. 20, 2009, 1:58 p.m. |
| Dec. 13, 2009, 4:28 p.m. | To pick up wife who was visiting parents in Seattle. | Dec. 14, 2009, 4:01 p.m. |
| Jan. 12, 2010, 1:27 p.m. | To Hagen's of Blaine, Costco and to check on a custom bike OLIVER KING had ordered. | Jan. 12, 2010, 2:43 p.m. |
| Feb. 25, 2010, 9:40 a.m. | No data/OLIVER KING not referred to secondary. | Feb. 25, 2010, 10:18 a.m. |
| Mar. 15, 2010, 2:51 p.m. | To Costco to buy camcorder. | Mar. 16, 2010, 2:20 p.m. |
| May 18, 2010, 10:13 p.m. | To pick up wife at Target. | Arrested May 19, 2010 at approximately 6:00p.m., in Ferndale, Washington |

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1         8.     On or about May 11, 2009, OLIVER KING submitted Articles of

2  Incorporation to the State of Oregon for MHPS.  OLIVER KING paid a $50.00 fee

3  electronically by credit card, and provided his email address as o.k@canada.com.  The

4  Articles of Incorporation for MHPS list "O. Ki" (referring to OLIVER KING) as the

5  registered agent and incorporator for the business.

6         9.     On or about June 8, 2009, AMIR ZARANDI applied for a Federal Firearms

7  License from the United States Bureau of Alcohol, Tobacco, and Firearms (ATF).  The

8  license application fee was charged to a credit card in the name of OLIVER KING's

9  girlfriend, R.R.

10        10.    On or about June 15, 2009, OLIVER KING signed a lease on behalf of

11  MHPS for the lease of real property located at 1900 NE Highway 99, Suite D,

12  McMinnville, Oregon.  This address would be used as the business address for MHPS.

13        11.    From June 2009 through October 2009, monthly rent checks on behalf of

14  MHPS were sent by OLIVER KING from Vancouver, Canada, to the landlord of the real

15  property leased by MHPS, located in McMinnville, Oregon.

16        12.    On or about August 20, 2009, ATF Industry Operations Investigator (IOI)

17  Kent Wilson interviewed AMIR ZARANDI in McMinnville, Oregon, in connection with

18  ZARANDI's application for a Federal Firearm License.  OLIVER KING was present

19  during the interview and answered the majority of the questions posed by IOI Wilson

20  during this interview.  OLIVER KING identified himself as "Oliver Ki" during the

21  interview.  AMIR ZARANDI stated that he would solely operate MHPS and that

22  OLIVER KING was only a consultant.

23        13.    On or about August 27, 2009, ATF issued an Federal Firearms License to

24  AMIR ZARANDI for MHPS, located at 1900 NE Highway 99, Suite D, McMinnville,

25  Oregon.  OLIVER KING was not listed as a responsible person or licensee on the

26  Federal Firearms License.

27        14.    On or about October 14, 2009, IOI Wilson called AMIR ZARANDI to

28  inquire if ZARANDI had received the Federal Firearms License, which had been returned

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  to ATF as undeliverable because there was no person at the listed address to accept mail

2  and no phone to accept messages.  AMIR ZARANDI told IOI Wilson that he believed his

3  consultant "Oliver Ki" (referring to OLIVER KING) had received the Federal Firearms

4  License.  When IOI Wilson asked AMIR ZARANDI for "Oliver Ki's" phone number to

5  confirm whether "Ki" had received the Federal Firearms License, AMIR ZARANDI

6  refused to provide the number, and, instead, stated that he would have "Oliver Ki" contact

7  IOI Wilson.

8       15.    Between October 30, 2009 and April 12, 2010, MHPS placed and received

9  the following orders for firearms from distributors, among others:

10       a.    MHPS ordered five firearms from LWRC, International, LLC

11  ("LWRC"), as shown on purchase orders dated November 2, 2009 and November 3,

12  2009.

13       b.    MHPS ordered ten firearms from RSR Group ("RSR"), as shown on

14  purchase orders dated January 25, 2010, January 27, 2010, and April 12, 2010.

15       c.    MHPS ordered nine firearms from Steyr Arms, Inc. ("Steyr"), as

16  shown on purchase orders dated December 3, 2009, December 15, 2009, and February 10,

17  2010.

18       16.    The firearms referenced in paragraph 15(a), which were ordered from

19  LWRC were paid for with a credit card in the name of N.Z., who is the wife of AMIR

20  ZARANDI.

21       17.    On or about November 12, 2009, AMIR ZARANDI opened a Wells Fargo

22  Bank account, xxxx-xxx-5211, in the name of MHPS.  AMIR ZARANDI was the sole

23  authorized signor on the account.

24       18.    In November 2009, OLIVER KING met with L.A., a sales representative

25  for Steyr, in McMinnville, Oregon.  KING and L.A. discussed future firearms purchases

26  by MHPS from Steyr.

27       19.    On or about November 20, 2009, in Blaine, Washington, OLIVER KING

28  deposited $5100 into the MHPS Wells Fargo account.

SUPERSEDING INDICTMENT/CR10-168JLR - 5

20.     On or about December 28, 2009, a check for $5000 was written on the MHPS Wells Fargo account.

21.     On or about December 28, 2009, a $5000 payment was made to the credit card account of N.Z., the wife of AMIR ZARANDI.

22.     On or about December 1, 2009, on behalf of MHPS, OLIVER KING provided a credit application to L.A., the representative for Steyr Arms.  OLIVER KING printed his name on the application on November 29, 2009, as "O. King," and signed the application.  The application listed the Wells Fargo bank account, opened by AMIR ZARANDI on November 12, 2009, as the bank account for MHPS.

23.     On or about December 13, 2009, OLIVER KING traveled from Blaine, Washington to McMinnville, Oregon.  OLIVER KING received a delivery of three firearms to MHPS from Steyr in McMinnville, Oregon on December 14, 2009.

24.     On or about January 11, 2010, AMIR ZARANDI wrote a check to RSR for $7000 from the MHPS Wells Fargo account for the purchase of firearms from RSR.

25.     On or about January 12, 2010, in Blaine, Washington, OLIVER KING deposited $7000 into the MHPS Wells Fargo account.

26.     On or about February 15, 2010, OLIVER KING purchased a hunting license issued by the state of North Dakota.  The hunting license was valid from March 1, 2010 through March 31, 2010.

27.     On or about February 15 and 16, 2010, OLIVER KING and AMIR ZARANDI exchanged a series of text messages related to a anticipated sale of an "LWRC 308" (believed to be a .308 caliber rifle manufactured by LWRC).

28.     At an exact date unknown, but between November 3, 2009 and February 24, 2010, AMIR ZARANDI transported an LWRC COMP M6A3, Serial No. 03-01812, from McMinnville, Oregon to Sherman Oaks, California.

29.     On or about February 24, 2010, AMIR ZARANDI shipped an LWRC COMP M6A3, Serial No. 03-01812, from Sherman Oaks, California, to Get Some LLC, a

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Federal Firearms Licensee, located in Murray, Utah.  This firearm had been purchased from AMIR ZARANDI by A.P., a California resident.

30.    On or about February 16, 2010, AMIR ZARANDI wrote a check to RSR for $2,287 from the Wells Fargo account for MHPS.  The check was posted to the account on February 23, 2010, but the Wells Fargo account did not contain sufficient funds to cover the check.

31.    On or about February 24, 2010, AMIR ZARANDI sent a text message to OLIVER KING, stating, "[a] check has bounced from McHPS account."

32.    On or about February 25, 2010, in Blaine, Washington, OLIVER KING deposited $2300 into the MHPS Wells Fargo account.

33.    On or about  March 15, 2010, OLIVER KING applied for entry to the United States at the Peace Arch Port of Entry in Blaine, Washington.  He entered the United States and drove to McMinnville, Oregon where he loaded a number of firearms into his vehicle.

34.    On or about March 16, 2010, OLIVER KING traveled from McMinnville, Oregon to Ferndale, Washington where he entered the U-Haul storage facility that he had rented that day.  OLIVER KING then loaded a number of firearms that had been purchased by MHPS into the storage locker he had rented at the U-Haul facility.

35.    On or about March 16, 2010, AMIR ZARANDI sent a text message to OLIVER KING, stating "Call David xxx-xxx-xx96 our neighbor he wants glock 17."  This text message referred to a firearm sought by D.S., who maintained a business in the same business complex as MHPS in McMinnville, Oregon.

36.    In early 2010, OLIVER KING met with D.S. related to the purchase of a "glock" from MHPS.

37.    On or about April 6, 2010, AMIR ZARANDI sent a text message to OLIVER KING, stating "Mike from rsr called he has now a 6721.  Also needs a check."  OLIVER KING responded by text message, "Please send mike @rSr a cheque 5800."

SUPERSEDING INDICTMENT/CR10-168JLR - 7

38.     On or about April 7, 2010, AMIR ZARANDI wrote a check to RSR for $5800, which was due to RSR from MHPS for the purchase of firearms.  AMIR ZARANDI sent the check to RSR via Fed Ex.  AMIR ZARANDI provided OLIVER KING the Fed Ex tracking number for the check via text message on April 8, 2008.

39.     On or about May 14, 2010, L.A. contacted AMIR ZARANDI with regard to an overdue payment due to Steyr from MHPS.  AMIR ZARANDI sent an e-mail to L.A, stating, "I will get in touch with Oliver ASAP to resolve this issue."

40.     On or about May 18, 2010, OLIVER KING applied for entry to the United States at the Peace Arch Port of Entry in Blaine, Washington.  He entered the United States and drove directly to McMinnville, Oregon where he loaded a number of firearms into his vehicle, on May 19, 2010.  OLIVER KING then returned to Ferndale, Washington where he entered the U-Haul storage facility.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
### (Unlawful Dealing in Firearms)

Beginning in or about January 2009 and continuing until May 19, 2010, at Blaine and Ferndale, within the Western District of Washington, and elsewhere, OLIVER KING did willfully engage in the business of dealing in firearms without a license, aided and abetted by AMIR ZARANDI.

All in violation of Title 18, United States Code, Sections 922(a)(1)(A), and Title 18, United States Code, Section 2.

## COUNT THREE
### (Alien in Possession of Firearms and Ammunition)

On or about May 19, 2010, at Ferndale, within the Western District of Washington and elsewhere, OLIVER KING, an alien who was admitted to the United States under a non-immigrant visa, and not being in possession of a valid and current hunting license or permit lawfully issued in the United States, did knowingly possess in and affecting

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  interstate commerce, and did knowingly ship and transport in interstate and international

2  commerce, firearms and ammunition, that is, firearms of various makes and calibers and

3  ammunition of various calibers, as more fully listed in the Forfeiture Allegation below.

4      All in violation of Title 18, United States Code, Sections 922(g)(5)(B) and

5  924(a)(2).

6

7  **COUNT FOUR**<br>**(False Statements to Government Agency)**

8      On or about May 18, 2010, at the Blaine, Washington Port of Entry, within the

9  Western District of Washington, in a matter within the jurisdiction of the Immigration and

10  Customs Enforcement, Department of Homeland Security, an agency of the United States,

11  OLIVER KING, obtained entry into the United States by knowingly and willfully making

12  a materially false, fictitious and fraudulent statement and representation, that is, in an

13  application for entry to the United States as a non-immigrant visitor, he stated to a

14  Customs and Border Protection Officer that his purpose for entry was to pick up his wife

15  at the Target store at the Bellis Fair Shopping Mall in Bellingham, Washington, whereas

16  in truth and in fact, his purpose for entry was to ship and transport in interstate commerce,

17  and to possess in and affecting commerce, firearms and ammunition.

18      All in violation of Title 18, United States Code, Section 1001.

19

20  **COUNT FIVE**<br>**(False Statements to Government Agency)**

21

22      On or about March 15, 2010, at the Blaine, Washington Port of Entry, within the

23  Western District of Washington, in a matter within the jurisdiction of the Immigration and

24  Customs Enforcement, Department of Homeland Security, an agency of the United States,

25  OLIVER KING, obtained entry into the United States by knowingly and willfully making

26  a materially false, fictitious and fraudulent statement and representation, that is, in an

27  application for entry to the United States as a non-immigrant visitor, he stated to a

28

SUPERSEDING INDICTMENT/CR10-168JLR - 9

1   Customs and Border Protection Officer that his purpose for entry was to travel to Costco,

2   to buy a camcorder, whereas in truth and in fact, his purpose for entry was to ship and

3   transport in interstate commerce, and to possess in and affecting commerce, firearms and

4   ammunition.

5       All in violation of Title 18, United States Code, Section 1001.

6

7                              **COUNT SIX**
                      **(False Statements to Government Agency)**
8

9       On or about November 8, 2009, at the Blaine, Washington Port of Entry, within

10  the Western District of Washington, in a matter within the jurisdiction of the Immigration

11  and Customs Enforcement, Department of Homeland Security, an agency of the United

12  States, OLIVER KING, obtained entry into the United States by knowingly and willfully

13  making a materially false, fictitious and fraudulent statement and representation, that is, in

14  an application for entry to the United States as a non-immigrant visitor, he stated to a

15  Customs and Border Protection Officer that his purpose for entry was to meet his father-

16  in-law and wife at Costco, in Bellingham, Washington, whereas in truth and in fact, his

17  purpose for entry was to travel to McMinnville, Oregon to meet with a firearms sales

18  representative and otherwise engage in the business of dealing firearms.

19      All in violation of Title 18, United States Code, Section 1001.

20

21

22                         **FORFEITURE ALLEGATION**

23      The allegations contained in Counts 1, 2 and 3 of this Indictment are hereby

24  realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to

25  Title 18, United States Code, Section 924(d) and 28 United States Code, Section 2461(c).

26      Upon conviction of the offense in violation of Title 18, United States Code,

27  Section 922(a)(1)(A), and upon conviction of conspiracy to commit this offense, in

28  violation of Title 18, United States Code, Section 371, the defendants, OLIVER KING

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  and AMIR ZARANDI, shall forfeit to the United States all right, title and interest in any

2  and all firearms and ammunition involved in the willful commission of the charged

3  offenses, and upon conviction of the offense in violation of Title 18, United States Code,

4  Section 922(g)(5), defendant OLIVER KING shall forfeit to the United States all right,

5  title and interest in any and all firearms and ammunition involved in the knowing

6  commission of the charged offense, including but not limited to:

7  1.       Steyr .308 caliber rifle, Serial Number 3013371;

8  2.       Steyr .308 caliber rifle, Serial Number 3011776;

9  3.       Steyr .300 caliber rifle, Serial Number 3011735;

10 4.       Steyr .50 BMG caliber rifle, Serial Number 3012052;

11 5.       Colt .223 caliber carbine, Serial Number LEO77683;

12 6.       Colt .223 caliber carbine, Serial Number LEO79804;

13 7.       Steyr .223 caliber rifle, Serial Number 1USA681;

14 8.       Steyr .223 caliber rifle, Serial Number 1USA367;

15 9.       Steyr .223 caliber rifle, Serial Number 1USA 841;

16 10.      LWRC .223 caliber rifle, Serial Number 0304677;

17 11.      LWRC .223 caliber rifle, Serial Number 0303111;

18 12.      LWRC .223 caliber rifle lower receiver, Serial Number 0102341;

19 13.      Steyr .300 caliber rifle, Serial Number 3011736;

20 14.      Steyr .300 caliber rifle, Serial Number 3011726;

21 15.      Glock 9mm handgun, Serial Number NPL485;

22 16.      Glock .45 caliber handgun, Serial Number NWZ621;

23 17.      Glock 10 mm handgun, Serial Number MTX502;

24 18.      Approximately 152 .223 caliber magazines;

25 19.      Approximately 1100 rounds of .233 caliber ammunition;

26 20.      Glock 10 mm handgun, Serial Number MTX500;

27 21.      Glock 10 mm handgun, Serial Number NPM434;

28 22.      F&N Belgium 12 gauge shotgun, Serial Number 11BMR14643;

SUPERSEDING INDICTMENT/CR10-168JLR - 11

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

23. Maverick 12 gauge shotgun, Serial Number 7749/TR12081450;

24. Approximately 559 rounds of .50 BMG caliber ammunition;

25. Glock 21 handgun, Serial Number LDZ179

26. Steyrmannlicher firearm, Serial Number 1061121

27. Glock handgun, Serial Number KEN539

28. Steyrmannlicher firearm, Serial Number3011775

29. Sig Sauer .22 caliber firearm, Serial Number A046494

30. LWRC model MGA2 rifle, Serial Number M60222333

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. Has been transferred or sold to, or deposited with, a third party;

c. has been place beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided with difficulty, the United States of American shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

//
//
//
//

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1 | All pursuant to Title 18, United States Code, Section 924(d) and Title 28, United

2 | States Code, Section 2461(c).

3 | A TRUE BILL:

4 |

5 | DATED: 9/9/10

6 | *Signature of Foreperson redacted pursuant*
*to the policy of the Judicial Conference*

7 | *of the United States*

8 | FOREPERSON

9 |

10 |

11 | JENNY A. DURKAN
United States Attorney

12 |

13 |

14 | TODD GREENBERG
Assistant United States Attorney

15 |

16 |

17 | SUSAN M. ROE
Assistant United States Attorney

18 |

19 |

20 | MATTHEW D. DIGGS
Assistant United States Attorney

21 |

22 |

23 | RICHARD E. COHEN
Assistant United States Attorney

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970